UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS
Boston Division

Civil Action No.: 04-12535-NMG

FILED IN CLERKS OFFICE

2005 JAN 25 P 3: 39

U.S. DISTRICT COURT
DISTRICT OF MASS

ROBERT KILLAY )
      Plaintiff, )
vs. )
SPRINGFIELD TERMINAL )
RAILWAY COMPANY and )
BOSTON & MAINE CORPORATION )
      Defendants. )

## DEFENDANTS', SPRINGFIELD TERMINAL RAILWAY COMPANY AND BOSTON & MAINE CORPORATION, ANSWER TO THE PLAINTIFF'S COMPLAINT AND JURY DEMAND

1. The defendants are without sufficient knowledge or information to either admit or deny the allegations contained within paragraph 1 of the plaintiff's Complaint.

2. The defendant, Springfield Terminal Railway Company, admits that it is a corporate entity with a place of business located at Iron Horse Park in North Billerica Massachusetts. The defendant denies the remaining allegations contained within paragraph 2 of the plaintiff's Complaint.

3. The defendant, Boston & Maine Corporation, admits that it is a corporate entity with a place of business located at Iron Horse Park in North Billerica Massachusetts. The defendant denies the remaining allegations contained within paragraph 3 of the plaintiff's Complaint.

4. The allegations contained within paragraph 4 of the plaintiff's Complaint constitute a statement of the case to which no response is required from the defendants. To the extent the defendants are required to respond, the defendants deny this paragraph.

5. Denied.

6. Denied.

7. Denied.

8. The defendants admit that from July of 1969 through and including October 2002 the plaintiff was employed by the defendant, Boston & Maine Corporation, and/or the defendant, Springfield Terminal Railway Company. The defendants are without sufficient knowledge or information to either admit or deny the remaining allegations contained within paragraph 8 of the plaintiff's Complaint.

9. The defendants are without sufficient knowledge or information to either admit or deny the allegations contained within paragraph 9 of the plaintiff's Complaint.

10. The defendants admit that from July of 1969 through and including October 2002 the plaintiff was employed by the defendant, Boston & Maine Corporation, and/or the defendant, Springfield Terminal Railway Company. The defendants are without sufficient knowledge or information to either admit or deny the remaining allegations contained within paragraph 10 of the plaintiff's Complaint.

11(a-g).    Denied.

12.    Denied.

13. The defendants are without sufficient knowledge or information to either admit or deny the allegations contained within paragraph 13 of the plaintiff's Complaint.

14.    Denied.

15.    Denied.

16.    Denied.

WHEREFORE, Defendants deny that the Plaintiff is entitled to relief as demanded and hereby demand all costs and expenses, including attorneys' fees, incurred in defending this action and any further relief the Court may deem just.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

The plaintiff's Complaint fails to state a claim upon which relief can be granted against the defendants and should therefore be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## SECOND AFFIRMATIVE DEFENSE

The defendants state that the plaintiff's alleged damages and injuries were caused by a person or persons for whose conduct the defendants are not and were not legally responsible.

## THIRD AFFIRMATIVE DEFENSE

The plaintiff failed to provide the defendants with prior notice of unsafe and unsuitable tools, appliances, equipment and/or conditions.

## FOURTH AFFIRMATIVE DEFENSE

The defendants state that the plaintiff's alleged damages and injuries were caused in whole or in part by the plaintiff's own negligence which was greater than any other negligence on the part of the defendants, said negligence being specifically denied.

## FIFTH AFFIRMATIVE DEFENSE

The injuries allegedly sustained by the plaintiff resulted from dangers and risks of which the plaintiff himself assumed.

## SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred by the applicable Statute of Limitations.

## SEVENTH AFFIRMATIVE DEFENSE

The defendants did not breach any implied and/or express duties owed to the plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

The plaintiff failed to provide proper notice of his claim.

## NINTH AFFIRMATIVE DEFENSE

The defendants state that F. E. L. A. provides the exclusive remedy for the recovery of damages sustained by an employee as a result of an injury to said employee and does not permit or provide for the recovery of medical expenses.

## TENTH AFFIRMATIVE DEFENSE

The plaintiff's claims brought pursuant to the Federal Safety Appliance Act, 49 U.S.C. §§ 1 et seq., should be dismissed, as a matter of law, on the basis that the plaintiff's alleged injuries and damages were not due to any appliance enumerated in the statute.

## ELEVENTH AFFIRMATIVE DEFENSE

The plaintiff's claims brought pursuant to the Federal Safety Appliance Act, 49 U.S.C.

§§ 1 et seq., and the Locomotive Boiler Act, 49 U.S.C. §§ 20701 et seq., should be dismissed, as a matter of law, on the basis that no locomotive was alleged to have caused any damage or injury to the plaintiff nor has any locomotive alleged to have been "in use" as required under the applicable statute.

## TWELFTH AFFIRMATIVE DEFENSE

The plaintiff's alleged injuries were as a direct result of the plaintiff's violation of applicable rules and regulations pertaining to safety to which the plaintiff was required to comply.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's allegations regarding failure to comply with governmental and/or applicable safety regulation fail on the basis that no such regulations exist pertaining to the instrumentalities and/or conditions at issue in this litigation.

WHEREFORE, the defendants, Springfield Terminal Railway Company and Boston & Maine Corporation, request that this Honorable Court:

1. Enter judgment for the defendants and against the plaintiff on each Count of the plaintiff's Complaint;

2. Dismiss the plaintiff's Complaint;

3. Award the defendants their costs, including attorneys' fees, incurred in connection with defending this action; and

4. Award the defendants such other and further relief as this Court deems appropriate.

## THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES.

Respectfully submitted,
By the defendants,
Springfield Terminal Railway Company and
Boston & Maine Corporation,
By their attorneys,

*[signature]*

John J. O'Brien, Jr.
BBO # 375885
O'Brien & von Rosenvinge, P.C.
27 Mica Lane, Suite 202
Wellesley, MA 02481
(781) 239-9988

DATED: January 21, 2005

## CERTIFICATE OF SERVICE

I, John J. O'Brien, Jr., attorney for the defendants, Springfield Terminal Railway Company and Boston & Maine Corp., hereby certify that on this date I forwarded true copies of: DEFENDANTS, SPRINGFIELD TERMINAL RAILWAY COMPANY'S, AND BOSTON & MAINE CORPORATION'S, ANSWER TO PLAINTIFF'S COMPLAINT AND JURY DEMAND by first class mail, postage pre-paid to the following counsel of record:

Thomas J. Joyce, III, Esq.
Hannon & Joyce
Public Ledger Building, Suite 1000
150 South Independence Mall West
Philadelphia, Pennsylvania 19106-3413

Michael J. McDevitt, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210

*[signature]*

John J. O'Brien, Jr.