UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MASSACHUSETTS
Boston Division

Civil Action No.: 04-12535-NMG

| ROBERT KILLAY | ) |
| Plaintiff, | ) |
| vs. | ) |
| SPRINGFIELD TERMINAL | ) |
| RAILWAY COMPANY and | ) |
| BOSTON & MAINE CORPORATION | ) |
| Defendants. | ) |

## JOINT MOTION TO DISMISS THE PLAINTIFF'S BOILER INSPECTION ACT CLAIMS, PURSUANT TO FED. R. CIV. P. 12(b)(6)

NOW COME the parties and move this Honorable Court, pursuant to F.R.C.P. 12(b)(6), to dismiss the plaintiff's claims brought pursuant to the Boiler Inspection Act, 45 U.S.C. §§ 22-34. Based upon the allegations contained within the plaintiff's Complaint, the claims brought pursuant to the Boiler Inspection Act do not apply because no locomotive or locomotive equipment or appurtenance is alleged to have caused the plaintiff's damages and injuries.

### STATEMENT OF THE CASE

The plaintiff has brought suit against the defendants alleging that he was caused to suffer occupational carpal tunnel syndrome as a result of his alleged exposure to repetition, force, vibration and awkward wrist position during the course of his employment with the defendants since 1969. The plaintiff does not allege that he suffered injuries as a result of an isolated incident nor does he allege that his injuries were caused by any defective appliance or equipment on any locomotive or railroad car.

The plaintiff has asserted claims against the defendants, pursuant to the Boiler Inspection Act, 45 U.S.C. §§ 22-34[1].

### LEGAL ARGUMENT

The Locomotive Inspection Act, 49 USCS § 20701, prohibits railroad companies from operating any locomotive unless the "locomotive or tender, and its parts and appurtenances are in proper condition and safe to operate without unnecessary danger of personal injury ..." A carrier cannot be held liable under the statute for failure to install equipment on a locomotive unless the omitted equipment: (1) is required by federal regulations; or (2) constitutes an integral or essential part of a completed locomotive. Mosco v. Baltimore & Ohio Railroad, 817 F.2d 1088, 1091 (4th Cir.), cert. denied, 484 U.S. 851, 108 S.Ct. 152, 98 L.Ed.2d 108 (1987) (interpreting the former Boiler Inspection Act). Moreover, liability under the statute attaches only under

---

[1] The Boiler Inspection Act was repealed and amended and re-codified on July 5, 1994 as the Locomotive Inspection Act, 49 USCS § 20701 et seq.

circumstances where the alleged injury resulted from the condition of a defective or unsafe locomotive which is "in use" at the time of an alleged accident. <u>Crockett v. Long Island Railroad</u>, 65 F.2d 274, 277 (2nd Cir. 1995) (interpreting the former Boiler Inspection Act).

In the instant case, the plaintiff alleges that he suffered occupational carpal tunnel syndrome due to his exposure to occupational risk factors including, but not limited to, repetition, force, vibration and awkward wrist position during the course of his employment in and around the area of North Adams, Massachusetts. The plaintiff does not allege that his injuries were caused by any defect in any locomotive or locomotive part or appurtenance nor does he allege that his injuries were caused by a defect in a locomotive which was "in use." Absent evidence that his injuries were caused by a defect in a locomotive which was "in use" at the time of an alleged accident, the plaintiff's claims pursuant to the Locomotive Inspection Act fail as a matter of law.

WHEREFORE, the parties respectfully request that this Honorable Court dismiss the plaintiff's claims alleging causes of action under the Federal Boiler Inspection Act, for failure to state a claim upon which relief can be granted, pursuant to F.R.C.P. 12(b)(6).

Respectfully submitted,
By the Plaintiff
Robert Killay
By his attorney,

*[signature]*

Thomas J. Joyce, III, Esq.
Hannon & Joyce
Public Ledger Building, Suite 1000
150 South Independence Mall West
Philadelphia, Pennsylvania 19106-3413
(888) 222-3352

Date: April 21, 2005

By the defendants,
Springfield Terminal Railway Company and
Boston & Maine Corporation,
By their attorneys,

*[signature]*

John J. O'Brien, Jr.
BBO #375885
O'Brien & von Rosenvinge, P.C.
27 Mica Lane, Suite 202
Wellesley, MA 02481
Tel.: (781) 239-9988
Fax: (781) 239-3360

## CERTIFICATE OF SERVICE

I, John J. O'Brien, Jr., attorney for the Defendant in the within action, hereby certify that I have this day served a copy of

**JOINT MOTION TO
DISMISS THE PLAINTIFF'S BOILER INSPECTION ACT
CLAIMS, PURSUANT TO FED. R. CIV. P. 12(b)(6)**

by mailing a copy thereof, postage prepaid, to:

Thomas J. Joyce, III, Esq.
Hannon & Joyce
Public Ledger Building, Suite 1000
150 South Independence Mall West
Philadelphia, Pennsylvania 19106-3413

Michael J. McDevitt, Esq.
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210

John J. O'Brien, Jr.

Date: April 21, 2005